IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                            Cr. No. 22-20083-JPM

COREY NEAL,

        Defendant.

---

### DEFENDANT'S MOTION TO SUPPRESS
### AND INCORPORATED MEMORANDUM OF LAW

---

COMES NOW, Corey Neal ("Mr. Neal"), by and through his counsel of record, Serena R. Gray, Assistant Federal Defender, hereby moves this Honorable Court to suppress any and all physical evidence whether tangible or intangible; any and all observations of law enforcement officers and any other tangible or intangible evidence obtained during or as a direct or indirect result of an unlawful search and seizure pursuant to Federal Rule of Criminal Procedure 12(b)(3), and for his Motion to Suppress, states as follows:

### FACTUAL BACKGROUND

On October 10, 2021, Detective T. Parker ("Parker") of Shelby County Sherriff's Office ("SCSO") sought and obtained a search warrant for the residence of Corey Neal located at 873 Paradise Dr., Cordova, TN. The warrant was executed on October 12, 2021. The basis for the affidavit was information obtained from an informant that an individual by the name of "Rothschild" was selling large amounts of marijuana. However, the search warrant does not allege

1

that the informant was observed making a controlled buy from Mr. Neal within five days or that anyone witnessed narcotics in the home of Mr. Neal.

The affidavit for the search warrant simply states:

> …Detectives observed the CS [confidential source] make a hand transaction involving SCSO Narcotic funds and illegal narcotics…Approximately five minutes later, detectives met with the CS who produced a clear baggie containing suspected Marijuana and advised it was purchased from Neal…Through investigation, Det. Parker utilizing law enforcement databases developed 873 Paradise Dr., Cordova, TN 38018 to be a valid address for Corey Neal along with current registration of a 2018 Mercedes Benz sedan to that address…Within (5) five days of October 10th, 2021 Detective Parker and Burriss conducted intermittent surveillance of 873 Paradise Dr., Cordova TN and have observed Neal day and night enter and exit the residence utilizing a key….Detectives know drug dealers keep narcotics, drug paraphernalia, drug documents and U.S. currency related to sales of illegal narcotics at the place of residence…Detectives believe Neal is selling and storing illegal narcotics at 873 Paradise Dr., Cordova, TN.

Mr. Neal avers that the above affidavit is utterly lacking as to a finding of probable cause and respectfully requests this Court to suppress the fruits of the ensuing search.

## ARGUMENT

**(A)** **The search warrant obtained by SCSO lacked probable cause to search the residence and vehicle of Mr. Neal.**

The Fourth Amendment of the United States Constitution prohibits law enforcement officers from searching a private residence without probable cause: "The right of people to be secure in their persons, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation."

In this case, Parker's affidavit did not provide a substantial basis for the issuing judge's conclusion that probable cause existed to search Mr. Neal's residence because it failed to set forth sufficient facts that incriminating evidence would be found there rather than some other place.

*United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir.2004). "The review of the sufficiency of the evidence supporting probable cause is limited to the information presented in the four corners of the affidavit." *United States v. Berry*, 565 F.3d 332, 338 (6th Cir. 2009). The failure of SCSO to obtain and execute a search warrant according to law requires that any evidence so obtained must be suppressed. The affidavit submitted to the issuing judge failed to establish probable cause, and the search warrant may not be justified under the good faith exception contained in *United States v. Leon*, 468 U.S. 897 (1984).

The Supreme Court, in *Illinois v. Gates*, 462 U.S. 213 (1983), explained that,

> [t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, ... there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

*Id.* 238–39.

When a warrant applicant seeks to search a specific location, the affidavit must establish "a nexus between the place to be searched and the evidence to be sought." *Carpenter*, 360 F.3d at 594. Moreover, establishing probable cause requires "more than a hunch." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (citing *United States v. Sokolow*, 490 U.S. 1, 7 (1989), and quoting *Terry v. Ohio*, 392 U.S. 1, 27 (1968)). It is imperative that an affidavit contain "some modicum of evidence, however slight, to connect the criminal activity described in the affidavit to the place to be searched." *United States v. Laughton*, 409 F.3d 744, 749 (6th Cir. 2005).

"The critical element in a reasonable search is not that the owner of property is suspected of crime but that there is reasonable cause to believe that the specific things to be searched for and seized are located on the property to which entry is sought." *United States v. Frazier*, 423 F.3d 526, 532 (6th Cir. 2005) (quoting *Zurcher v. Stanford Daily*, 436 U.S. 547, 556, (1978)).

In this case, Parker's affidavit is devoid of any substantiating information that the evidence

3

sought was located at the home of Mr. Neal. He appears to rely on his training and experience that drug dealers normally store evidence of drug trafficking at their place of residence rather than any modicum of evidence that connected evidence of criminal activity as described in the affidavit to the place to be searched, which in this case is Mr. Neal's home. *Laughton*, 409 F.3d at 749. The affidavit is simply lacking the requisite supporting facts. Absent any nexus, all that is left is a "bare bones" affidavit, which states only the affiant's belief that probable cause existed, and evidence of criminal activity would be found. *United States v. Williams,* 224 F.3d 530, 533 (6th Cir. 2000).

Furthermore, the Sixth Circuit has asserted that "[w]hile an officer's 'training and experience' may be considered in determining probable cause, *see, e.g., Texas v. Brown,* 460 U.S. 730, 742–43 (1983); *U.S. v. Martin,* 920 F.2d 393, 399 (6th Cir.1990), it cannot substitute for the lack of evidentiary nexus, prior to the search." *United States v. Schultz,* 14 F.3d 1093, 1097 (6th Cir.1994). Therefore, it is not enough for Parker to rely upon his experience and training to create an evidentiary nexus to establish probable cause.

Similar to *United States v. Brown,* 828 F. 3d 375 (6th Cir. 2009), the affidavit at bar does not assert that Mr. Neal distributed narcotics from his home, nor that he used it to store narcotics, or that any suspicious activity had taken place there. *Id* at 382. Mr. Neal expects that the government will argue that the issuing judge was entitled to infer that evidence of drug trafficking would be found at Mr. Neal's home. However, the Sixth Circuit has explicitly stated that "if the affidavit fails to include facts that directly connect the residence with the suspected drug dealing activity, or the evidence of this connection is unreliable, it cannot be inferred that drugs will be found in the defendant's home—even if the defendant is a known drug dealer. ". *Id.* at 384. Moreover, the Court has asserted:

> [w]e have never held … that a suspect's "status as a drug dealer, standing alone, gives rise to a fair probability that drugs will be found in his home."

> *v. Frazier*, 423 F.3d 526, 533 (6th Cir. 2005). Rather, we have required some reliable evidence connecting the known drug dealer's ongoing criminal activity to the residence; that is, we have required facts showing that the residence had been used in drug trafficking, such as an informant who observed drug deals or drug paraphernalia in or around the residence.

*Id* at 383. Again, in this case, the affidavit is devoid of any facts that connects Mr. Neal's home with any evidence of drug trafficking.

Furthermore, Mr. Neal expects that the government will argue that the *Leon* good-faith exception is applicable. For this exception to apply, the affidavit must contain "a minimally sufficient nexus between the illegal activity and the place to be searched." *Carpenter*, 360 F.3d at 596; *United States v. McPhearson*, 469 F.3d 518, 526-27 (6th Cir. 2006). An officer does not "manifest objective good faith in relying on a warrant based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable'". *United States v. Leon*, 468 U.S. 897, 923 (1984) (quoting *Brown v. Illinois*, 422 U.S., 610-11 (1975)).

"Although the good-faith standard is less demanding than the standard for probable cause, the affidavit still must draw some plausible connection to the residence." *Brown,* 828 F. 3d 375, 386. (6th Cir. 2016). Like in *Brown,* 828 F. 3d 375, the affidavit in the case at bar is devoid of facts connecting the residence to any alleged drug dealing activity, thus rendering the search warrant "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923, 104 S.Ct. 3405. Therefore, the good-faith exception does not apply to any evidence seized on Mr. Neal's premises.

Here, the search warrant simply lacked an evidentiary nexus between Mr. Neal's residence and the evidence sought. Under these set of facts, or in this case, the lack thereof, any and all evidence, including fruits of the search and subsequent interrogations, resulting from the officers'

illegal entry, must be suppressed. *See United States v. Buchanan*, 904 F.2d 349, 356 (6th Cir. 1990). Therefore, Mr. Neal respectfully requests that the Court grant his motion to suppress.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Mr. Neal moves this Honorable Court to suppress all evidence, including physical evidence and statements which resulted from the illegal entry of the officers and search of his premises.  Defense counsel requests an evidentiary hearing and findings pursuant to *United States v. Moore,* 936 F.2d 287, 289 (6th Cir. 1991), which provides that essential findings on the record are necessary to facilitate appellate review.

Respectfully submitted,

DORIS RANDLE HOLT
FEDERAL PUBLIC DEFENDER

s/ Serena R. Gray
Assistant Federal Defender
200 Jefferson Avenue, Suite 200
Memphis, TN 38103
(90) 544-3895

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was forwarded by electronic means via the Court's electronic filing system to Ms. Karen Hartridge, Assistant U.S. Attorney, 167 N. Main, Suite 800, Memphis, TN 38103, this 6th day of July 2022.

s/ Serena R. Gray
Assistant Federal Defender

6