# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COREY NEAL, ) <br> ) <br> Defendant. ) | Case No. 2:22-cv-20083-JPM-1 |

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

Before the Court is Defendant's Motion for Reconsideration, filed on January 10, 2023. (ECF No. 41.) Defendant argues that the Sixth Circuit's recent opinion in United States v. Grant, No. 21-3686, 2023 WL 119399 (6th Cir. Jan. 6, 2023), necessitates that the Court reconsider its previous Order Adopting in Part the Report and Recommendation of the Magistrate Judge (ECF No. 40) declining to suppress evidence. (ECF No. 41 at PageID 102.) The United States of America (the "Government") filed a Response in Opposition on January 24, 2023. (ECF No. 46.) The Government argues that Grant is factually distinguishable from the instant case. (Id. at PageID 113.) A hearing was held on Defendant's Motion for Reconsideration on January 30, 2023. (ECF No. 47.)

Upon reconsideration, Defendant's Motion to Suppress is **DENIED**.

**I.      BACKGROUND**

United States Magistrate Judge Annie T. Christoff filed a Report and Recommendation on October 20, 2022 (ECF No. 33), with respect to Defendant Corey Neal's Motion to Suppress. (ECF No. 17.) Defendant's Motion to Suppress was filed on July 6, 2022. (Id.) The United

States of America (the "Government") filed a Response in Opposition to Defendant's Motion to Suppress on July 20, 2022. (ECF No. 25.) The Magistrate Judge recommended that the Court deny Defendant's Motion. (ECF No. 33 at PageID 51.)

The Court adopted in part the Magistrate Judge's Report and Recommendation on December 12, 2022. (ECF No. 40.) The Court found that the warrant issued in the instant matter lacked probable cause, but declined to suppress on the basis of the "good-faith exception." (Id. at PageID 99–100); see also United States v. Leon, 468 U.S. 897, 905 (1984).

**II.    LEGAL STANDARD**

Under the good-faith exception, evidence "seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective" will not be suppressed. Leon, 468 U.S. at 905. The "good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." Id. at 922 n. 23. "Some modicum of evidence, however slight" will support the good-faith belief of an officer. United States v. McCoy, 905 F.3d 409, 416 (6th Cir. 2018) (quoting United States v. White, 874 F.3d 490, 496 (6th Cir. 2017)). It is only when a warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" that it falls outside of the good-faith exception and suppression is warranted. Leon, 468 U.S. at 923.

When a defendant seeks suppression of the fruits of an illegal search, "the burden of proof is upon the defendant to display a violation of some constitutional or statutory right justifying suppression." United States v. Rodriguez-Suazo, 346 F.3d 637, 643 (6th Cir. 2003) (quoting United States v. Feldman, 606 F.2d 673, 679 n.11 (6th Cir. 1979)). In evaluating the good-faith exception to the exclusionary rule, "[t]he burden rests on the government to prove

that [the executing officer's] reliance on a warrant was objectively reasonable." United States v. Linares, No. 13-20368, 2015 WL 3870959, at *9 (E.D. Mich. May 4, 2015) (quoting United States v. Rissew, 580 F. App'x 35, 36 (2d Cir. 2014)) (alteration in original).

### III.  ANALYSIS

The Court previously found that "a minimally sufficient nexus between the illegal activity and the place to be searched," enough to support a law enforcement officer's good-faith belief in a warrant's validity, is present on the facts of the instant case. United States v. Carpenter, 360 F.3d 591, 596 (6th Cir. 2004); (see also ECF No. 40 at PageID 99.) The Court held that law enforcement officers reasonably considered Defendant a drug dealer who had engaged in a recent drug sale. (ECF No. 40 at PageID 100.) This belief on the part of the law enforcement officers was based on information from a confidential informant and a controlled buy within five days of the search in question. (Id. at PageID 99–100; see also ECF No. 33 at PageID 52.) The controlled buy took the form of an observed hand-to-hand transaction. (ECF No. 33 at PageID 52.) The Court also noted that the law enforcement officers had "established Defendant lived at that particular residence." (ECF No. 40 at PageID 100.) Officers established that the location searched was Defendant's residence through observations of his entering and exiting the location over the course of multiple days using a key and Defendant's car registration at that address. (ECF No. 33 at PageID 52.)

The presence of sufficient nexus is a "fact-bound legal determination." United States v. Brown, 828 F.3d 375, 382 (6th Cir. 2016). The Sixth Circuit declined to apply the good-faith exception in Grant, but on distinguishable facts. Grant, 2023 WL 119399. Law enforcement officers in Grant never established that the location searched was the defendant's residence, only that he parked there and then left. Id. at *10. Law enforcement officers in Grant had

3

observed a controlled buy 47 days prior to their search, and the controlled buy took place in the form of a dead drop, not an observed hand-to-hand transaction. Id. at *2–3. They therefore lacked "recent, reliable indicia of drug dealing" by the defendant. Id. at *3, United States v. Reed, 993 F.3d 441, 444 (6th Cir.) (2021). (quoting McCoy, 905 F.3d at 418). Defendant Neal's vehicle was also "registered to the target residence, a fact not alleged [in Grant.]" Grant, 2023 WL 119399 at *11.

The standard for the good-faith exception is therefore met in the instant case.

IV.   **CONCLUSION**

For the reasons set forth above, and for the reasons set forth in the Court's Order Adopting in Part the Report and Recommendation of the Magistrate Judge (ECF No. 40), Defendant's Motion to Suppress is **DENIED** upon reconsideration.

**SO ORDERED**, this 30th day of January, 2023.

      /s/ Jon P. McCalla
      JON P. McCALLA
      UNITED STATES DISTRICT JUDGE